5

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

- BROWNSVILLE DIVISION -

United States District Court
Southern District of Texas
ENTERED

AUG 0 9 2000

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| CESARIO VASQUEZ-ACUNA, | § | |
|    Plaintiff-Petitioner, | § | |
| | § | CIVIL ACTION NO. B-00-008 |
| VS. | § | |
| | § | CRIMINAL NO. B-97-047-01 |
| UNITED STATES OF AMERICA, | § | |
|    Defendant-Respondent. | § | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Cesario Vasquez-Acuna ("Vasquez") has filed a petition pursuant to 28 U.S.C. § 2255 (Docket No. 1). The government has filed a Motion to Dismiss (Docket No. 4) which, for the reasons set forth below, should be granted.

### BACKGROUND

On April 9, 1997, Vasquez pleaded guilty to two counts of a four count indictment. The two counts charged him with assaulting a uniformed officer of the United States and with carrying and using a firearm during a crime of violence.

In accordance with the plea agreement, Vasquez was sentenced at the bottom of the Guidelines. On June 25, 1997, Vasquez received a ten month sentence and a sixty month sentence to be served consecutively. The judgment in his case became final on July 28, 1997. He did not appeal.

This petition was filed on January 12, 2000. Vasquez had filed a letter motion on March 12, 1999, seeking reconsideration of his sentence. This was denied for lack of jurisdiction.

# RECOMMENDATION

Vasquez's petition is time barred. Under the one year limitation statute contained in 28 U.S.C. § 2244, Vasquez had until July 28, 1998, to seek habeas relief.

Vasquez argues that there is new case law which governs his case. He claims that as an alien he is entitled to a downward departure because of collateral consequences flowing from his status. The Fifth Circuit has ruled adversely to Vasquez's position on that issue. *United States v. Nnanna*, 7 F.3d 420 (5th Cir. 1993).

Additionally, Vasquez's claims for a downward departure are not cognizable in a § 2255 petition. *United States v. Payne*, 99 F.3d 1273, 1281-82 (5th Cir. 1996).

IT IS THEREFORE RECOMMENDED that the government's Motion to Dismiss be **GRANTED**. IT IS FURTHER RECOMMENDED that Cesario Vasquez-Acuna's Habeas Petition be **DISMISSED**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

DONE at Brownsville, Texas, this 8th day of August, 2000.

John Wm. Black
United States Magistrate Judge

2